IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JANINE CHANTALE HEBRON,      )
        )
    Plaintiff,      )
        )
v.        )    Civil Action Nos.  1:20-00149
        )          1:20-00327
FEDERAL BUREAU OF PRISONS, *et al.*,  )
        )
    Defendants.      )

## PROPOSED FINDINGS AND RECOMMENDATION

On February 24, 2020, Plaintiff, acting *pro se*, filed her Application to Proceed Without Prepayment of Fees or Costs and a Complaint seeking relief for alleged violations of her constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Civil Action No. 1:20-00149, Document Nos. 1 and 2.) As the Defendants, Plaintiff named the following: (1) Federal Bureau of Prisons; (2) Warden Reherman; and (3) Alderson Federal Prison Camp. (Document No. 2.) Plaintiff alleged that Defendants discriminated and harassed Plaintiff in violation of her constitutional rights. (Id.) Specifically, Plaintiff stated she had "been discriminated against and harassed since Plaintiff reported an incident where a staff member was allowed to physically assault another inmate." (Id.) As relief, Plaintiff requested monetary damages. (Id.)

Also on February 24, 2020, Plaintiff filed a Section 2241 Petition initiating Civil Action No. 1:20-cv-00148. (Civil Action No. 1:20-cv-00148, Document No. 1.) In her Petition, Plaintiff again made a generalized claim of harassment and discrimination by FPC Alderson staff. (Id.) By Order entered on May 7, 2020, United States Magistrate Judge Dwane L. Tinsley construed

Plaintiff's Section 2241 Petition as new civil action under <u>Bivens v. Six Unknown Federal Agents</u> <u>of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), thereby initiating Civil Action No. 1:20-cv-00327. (<u>Id.</u>, Document No. 6.) By Order entered on May 8, 2020, the undersigned directed Plaintiff to "(1) amend her Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed *in Forma Pauperis*" by June 8, 2020." (Civil Action No. 1:20-cv-00327, Document No. 3.) On May 26, 2020, Plaintiff filed a Motion Requesting that Civil Action No. 1:20-cv-00149 and Civil Action No. 1:20-cv-00327 be consolidated. (<u>Id.</u>, Document No. 4.) In support, Plaintiff stated that "both civil claims convey the same merits of discrimination, harassment, and targeting." (<u>Id.</u>) By Order entered on January 14, 2021, this Court granted Plaintiff's Motion to Consolidate the above actions. (Civil Action No. 1:20-cv-00149, Document No. 4.) The undersigned further noted that Plaintiff had not complied with the Court's Order directing her to amend her Complaint. (<u>Id.</u>) Accordingly, the undersigned directed Plaintiff to amend her Complaint to name "persons" as defendants, specifically set forth her constitutional claims, and state specific facts as to how each defendant violated her constitutional rights. (<u>Id.</u>) The undersigned further notified Plaintiff that failure to comply with the above requirements by February 15, 2021, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (<u>Id.</u>) Plaintiff, however, has not filed her Amended Complaint responding to the Court's Order that was entered approximately nine months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[1] See

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The

authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure

to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd.,

381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting

Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal
> issues have been adjudicated or have become moot, or that the parties have shown
> no interest in further prosecution, the judicial officer may give notice to all counsel
> and unrepresented parties that the action will be dismissed 30 days after the date of
> the notice unless good cause for its retention on the docket is shown. In the absence
> of good cause shown within that period of time, the judicial officer may dismiss the
> action. The clerk shall transmit a copy of any order of dismissal to all counsel and
> unrepresented parties. This rule does not modify or affect provisions for dismissal
> of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to
> comply with these rules or any order of court, a defendant may move to dismiss
> the action or any claim against it. Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any dismissal not under this rule - -
> except one for lack of jurisdiction, improper venue, or failure to join a party
> under Rule 19 - - operates as an adjudication on the merits.

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for her lack of participation. Since May 26, 2020, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of her neglect.[2] Thus, the undersigned concludes that Plaintiff is solely responsible for her lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. No defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for approximately nine months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked

---

[2] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for her failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Civil Action No. 1:20-00149, Document No. 2 and Civil Action No. 1:20-00327, Document No. 1) without prejudice, **DENY as moot** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Civil Action No. 1:20-00149, Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

---

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in her failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: October 26, 2021.

Omar J. Aboulhosn
United States Magistrate Judge